| | |
|---|---|
| KEY CONSTRUCTORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HARNETT COUNTY, ) | |
| HARNETT COUNTY DEPARTMENT ) | |
| OF PUBLIC UTILITIES, ) | |
| SOUTH CENTRAL WATER AND SEWER ) | |
| DISTRICT OF HARNETT COUNTY, ) | |
| NORTH CAROLINA, and ) | |
| MBD CONSULTING ENGINEERS, P.A., ) | |
| f/k/a MARZIANO & MCGOUGAN, P.A., ) | |
| ) | |
| Defendants. ) | |

On January 14, 2016, Key Constructors, Inc. ("Key Constructors" or "plaintiff") sued Harnett County, Harnett County Department of Public Utilities ("HCDPU"), South Central Water & Sewer District of Harnett County, North Carolina ("SCWS"), and MBD Consulting Engineers, P.A. ("MBD"). See Compl. [D.E.1].[1] The dispute concerns a construction contract to build collection lines for the Harnett County defendants. See id. ¶¶ 9–10. MBD was the owner's representative and the project engineer. See id. ¶¶ 13–14. The court has jurisdiction based on diversity. Key Constructors alleges breach of contract against the Harnett County defendants (counts one and two),

---

[1] The court refers to Harnett County, HCDPU, and SCWC collectively as the "Harnett County defendants" and refers to the Harnett County defendants and MBD collectively as "defendants."

unjust enrichment against the Harnett County defendants (count three), and negligence against MBD Consulting Engineers, P.A. ("MBD") (count four). See id. ¶¶ 41–85.

On March 10, 2016, the Harnett County defendants moved to dismiss the claims against them for failure to join a necessary and indispensable party (i.e., Temple Grading and Construction Company, Inc. ("Temple Grading")) and a motion to strike a portion of the complaint concerning an alleged contract modification as immaterial, impertinent, and irrelevant. See [D.E. 20] 1–6 (moving to dismiss), 6–9 (moving to strike); Fed. R. Civ. P. 12(b)(7), 17, 19. Temple Grading was a subcontractor of Key Constructors on the collection-line construction project. On March 10, 2016, MBD moved to dismiss count four for failure to join a necessary and indispensable party (i.e., Temple Grading). See [D.E. 22]; Fed. R. Civ. P. 17, 19. On March 24, 2016, Key Constructors responded in opposition. See [D.E. 29, 30]. On April 6, 2016, the Harnett County defendants replied. See [D.E. 32]. As explained below, the court denies the motions.

I.

Defendants argue that (1) Temple Grading is the real party in interest under Rule 17(a) and a required party under 19(a); (2) joining Temple Grading is not feasible because Temple Grading is a North Carolina citizen and would destroy diversity jurisdiction; and (3) equity and good conscience require the court to dismiss the action under Rule 19(b) rather than permitting it to proceed in federal court without Temple Grading as a party. See [D.E. 20] 1–2; [D.E. 23] 1–6. According to defendants, during the collection-line construction project, the Harnett County defendants became unsatisfied with Key Constructors's work. [D.E. 23] 2. Rather than terminate the contract, the Harnett County defendants allowed Key Constructors to add Temple Grading as a subcontractor in order to finish the work. Id. Furthermore, MBD, in its role as owner's

2

representative and project engineer, frequently interacted with both Key Constructors's and Temple Grading's personnel. Id.

In count one, Key Constructors seeks $393,217 plus attorney's fees, interest, and costs for breach of contract. Compl. ¶¶ 41–49. In count two, Key Constructors seeks at least $1,955,895 exclusive of interest, attorneys' fees, and costs, for delay, disruption, and interference with Key Constructors's prime contract and Temple Grading's subcontract. See Id. ¶¶ 50–68. Alternatively, in count three, Key Constructors seeks $2,349,112, plus attorney's fees and costs, for unjust enrichment. See id. ¶¶ 69–75. Finally, in count four, Key Constructors seeks $2,349,112, exclusive of interest and costs, from MBD for MBD's alleged negligence as the engineer of record responsible for the design of the collection-line construction project. See id. ¶¶ 76–85.

This court's subject-matter jurisdiction is based on diversity jurisdiction. Thus, the court applies state substantive principles and federal procedural rules. See Erie R.R. v. Tompkins, 304 U.S. 64, 78–80 (1938); Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002). Federal law governs who is the real party in interest under Rule 17 and joinder under Rule 19. See, e.g., Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n.22 (1968). State law, however, informs the relevant interests of the parties and potential parties. See Patterson, 390 U.S. at 125 n.22; HB Gen. Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1192 (3d Cir. 1996); Krueger v. Cartwright, 996 F.2d 928, 931 (7th Cir. 1993); Whalen v. Carter, 954 F.2d 1087, 1096 & n.8 (5th Cir. 1992); 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1603, Westlaw (3d ed.) (database updated Apr. 2016). Moreover, the parties agree that North Carolina law governs the four claims in Key Constructors's complaint.

3

The Harnett County defendants contend that Temple Grading is the real party in interest in count two and count four because Key Constructors seeks to recover damages in count two and four not only for itself but also for damages to its subcontractor Temple Grading. See [D.E. 20] 2. Moreover, the Harnett County defendants argue that North Carolina law prohibits Temple Grading from suing the Harnett County defendants directly for breach of contract due to a lack of privity, but that North Carolina law permits Temple Grading to sue MBD directly for MBD's alleged negligence. See id. 1–3 (citing Davidson & Jones, Inc. v. New Hanover Cty., 41 N.C. App. 661, 667, 255 S.E. 2d 580, 584 (1979)). MBD also argues that Temple Grading is the real party in interest in count four because Key Constructors is seeking to recover damages for both Key Constructors and Temple Grading for MBD's alleged negligence, but North Carolina law permits Temple Grading to sue MBD for negligence. See [D.E. 23] 3–4. Accordingly, defendants contend that Temple Grading is the real party in interest under Rule 17.

Key Constructors responds that Rule 17 merely requires this court to assess whether North Carolina law permits Key Constructors to enforce the claims that it seeks to pursue in this case. See [D.E. 29] 6–7; cf. Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). Key Constructors then argues that North Carolina law permits Key Constructors to pursue the claims in counts one through three against the Harnett County defendants and the claim in count four against MBD. See [D.E. 29] 6–7. Furthermore, Key Constructors argues that Rule 17 does not require a prime contractor to join as parties all of its subcontractors or suppliers who might have a claim against the owner or project engineer. See id.

A real party in interest for the purpose of Rule 17(a) is a person authorized to bring a suit in his own name without joining his beneficiaries. See Lester v. McFaddon, 415 F.2d 1101, 1105–06

4

(4th Cir. 1969). "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." Farrell Constr. Co. v. Jefferson Parish, 896 F.2d 136, 140 (5th Cir. 1990); see United States ex rel. Eisenstein v. City of New York, 556 U.S. 928, 934–35 (2009); United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 372 n.8 (1949); Travelers Ins. Co. v. Riggs, 671 F2d 810, 814 (4th Cir 1982); Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 79, 82 (4th Cir. 1973). "Conversely, a party not possessing a right under substantive law is not the real party in interest with respect to the right and may not assert it." Farrell Constr. Co., 896 F.2d at 140; see In re Maco Homes, Inc., 180 F.3d 163, 165–66 (4th Cir. 1999); cf. Aetna Cas. & Sur. Co., 338 U.S. at 380–81.

Under North Carolina law, a subcontractor who is not a party to a construction contract between the prime contractor and the owner cannot sue the owner for breach of contract. See Watson Elec. Const. Co. v. Summit Cos., LLC, 160 N.C. App. 647, 649–50, 587 S.E.2d 87, 90 (2003); Metric Constructors, Inc. v. Hawker Siddeley Power Eng'g, Inc., 121 N.C. App. 530, 534, 468 S.E.2d 435, 437–38 (1996); APAC-Carolina, Inc. v. Greensboro-High Point Airport Auth., 110 N.C. App. 664, 669, 431 S.E.2d 508, 511 (1993). Temple Grading is not a party to the prime contract between Key Constructors and the Harnett County defendants. Thus, under North Carolina law, Temple Grading cannot sue the Harnett County defendants for breach of contract. See Watson Elec. Const. Co., 160 N.C. App. at 649–50, 587 S.E.2d at 90; APAC-Carolina, Inc., 110 N.C. App. 664, 669, 431 S.E.2d 508, 511. Under North Carolina law, however, a prime contractor sometimes may assert a breach of contract claim against an owner and seek damages for its own damages and the damages of a subcontractor attributable to the owner's conduct (e.g., defective plans and specifications or other delays). See, e.g., Metric Constructors, Inc., 121 N.C. App. at 534, 468

5

S.E.2d 435, 437–38. Here, under North Carolina law, Key Constructors has plausibly alleged the substantive right to sue the Harnett County defendants for breach of contract and include a request to recover damages for a subcontractor. See Metric Constructors, Inc., 121 N.C. App. at 534, 468 S.E.2d at 437–38; see also Farrell Constr. Co., 896 F.2d at 141; cf. APAC-Carolina, Inc., 110 N.C. App. at 669–72, 431 S.E.2d 508, 511–12. Likewise, North Carolina law permits Key Constructors to pursue its unjust enrichment claim against the Harnett County defendants. See, e.g., Booe v. Shadrick, 322 N.C. 567, 570, 369 S.E. 2d 554, 556 (1988); cf. Ron Medlin Constr. v. Harris, 364 N.C. 577, 580, 704 S.E. 2d 486, 489 (2010). Furthermore, even though North Carolina law does permit Temple Grading to sue MBD directly for negligence, North Carolina law also permits Key Constructors to sue MBD for negligence. See Davidson & Jones, Inc., 41 N.C. App. at 677, 255 S.E. 2d at 584.

The "negative" function of Rule 17 enables "a defendant to present defenses he has against the real party in interest to protect the defendant against a subsequent action by the party actually entitled to relief, and to ensure that the judgment will have proper res judicata effect." Intown Props. Mgt., Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 170 (4th Cir. 2001) (quotations omitted). Thus, defendant will be able to present defenses to the four claims, including any defense to alleged damages of Temple Grading. See Virginia Elec. & Power Co., 485 F.2d at 84. Having analyzed Rule 17, North Carolina law, and the record, Temple Grading is not the real party in interest.

Even if not the real party in interest, Temple Grading must be joined if Temple Grading is a party necessary for a just adjudication of the action under Rule 19 of the Federal Rules of Civil Procedure. In determining whether a party should be joined under Rule 19, the court asks (1) whether the party is necessary to the action and, if so, (2) whether the party is indispensable. See

6

Fed. R. Civ. P. 19(a)–(b); Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005). To determine whether a party is "necessary," the court examines the party's relationship to the action. See Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). If a party is necessary but joinder would destroy diversity, the court then must determine whether the party is indispensable. Id. If the necessary, non-diverse party is indispensable, the district court lacks jurisdiction. Id. at 442. The party seeking dismissal under Rule 19 bears the burden of proof. See Wood, 429 F.3d at 92.

Dismissal of a case for failure to join a necessary party is "a drastic remedy" to be employed "only sparingly." Teamsters Local Union No. 141 v. Keal Driveaway Co., 173 F.3d 915, 918 (4th Cir. 1999); see Owens-Illinois, 186 F.3d at 441. The court must consider the joinder issue pragmatically in light of the record. See, e.g., Patterson, 390 U.S. at 119 n.16.

Federal Rule of Civil Procedure 19(a) provides:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
  (A) in that person's absence, the court cannot accord complete relief among existing parties; or
  (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
  (i) as a practical matter impair or impede the person's ability to protect the interest; or
  (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest.

Fed. R. Civ. P. 19(a). To determine whether Temple Grading is a necessary party, the court considers (1) whether complete relief can be accorded among the existing parties in its absence, (2) whether nonjoinder of Temple Grading may impede Temple Grading's ability to protect its interests, and (3) whether nonjoinder of Temple Grading may leave an existing party subject to substantial risk

7

of multiple or inconsistent obligations. See id.

As for whether the court can accord complete relief among the existing parties absent Temple Grading, the court can accord complete relief among the existing parties in Temple Grading's absence. See, e.g., Pettiford v. City of Greensboro, 556 F. Supp. 2d 512, 517–18 (M.D.N.C. 2008). As mentioned, Key Constructors seeks damages from the Harnett County defendants for breach of contract or for unjust enrichment. Key Constructors also seeks damages from MBD for alleged negligence. This court can provide Key Constructors such monetary relief from defendants without Temple Grading. Thus, the first Rule 19(a) factor does not support finding that Temple Grading is a necessary party.

As for the second Rule 19(a) factor, the risk that resolving the action in Temple Grading's absence may impair Temple Grading's interests, Key Constructors's interests in recovering for breach of contract align with Temple Grading's interests. Each wants to get paid for its work on the project and to be compensated for the alleged damages incurred while working on the project. Moreover, to the extent that Temple Grading has a viable negligence claim against MBD, this action will not impair it. Thus, the second Rule 19(a) factor does not support finding that Temple Grading is a necessary party.

As for the third Rule 19(a) factor, whether nonjoinder leaves defendants at substantial risk of multiple or inconsistent obligations, Temple Grading's nonjoinder does not leave defendants at a substantial risk of multiple or inconsistent obligations. Moreover, Temple Grading's ability to seek to assert their own distinct claims against any of the defendants in a potential separate action does not conflict with any outcome in this case. See, e.g., United States v. Webb, No. 2:13-CV-42-BR, 2014 WL 1870732, at *4 (E.D.N.C. May 8, 2014) (unpublished); RPR & Assocs. v. O'Brien/Atkins

Assocs., P.A., 921 F. Supp. 1457, 1464 (M.D.N.C. 1995) ("[Rule 19] protects against obligations that are inconsistent rather than adjudications that are inconsistent.").

In sum, Temple Grading is not a necessary party under Rule 19(a). Accordingly, defendants' motion to dismiss fails. See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 385–89 (2d Cir. 2006); Wood, 429 F.3d at 92–93; Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404–13 (3d Cir. 1993); Coastal Modular Corp. v. Laminators, Inc., 635 F.2d 1102, 1107–08 (4th Cir. 1980); In re Chinese Manufactured Drywall Prods. Liab. Litig., 273 F.R.D. 380, 384–91 (E.D. La. 2011).

Alternatively, even if the court assumes that Temple Grading is a necessary party, joinder of Temple Grading would destroy diversity, and Rule 19 does not compel joinder. See Fed. R. Civ. P. 19(a)(1) (requiring joinder only for parties "whose joinder will not deprive the court of subject-matter jurisdiction"). Rather, the court must determine whether Temple Grading is an indispensable party under Rule 19(b).

Rule 19(b) provides:

If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
   (A) protective provisions in the judgment;
   (B) shaping the relief; or
   (C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

9

Fed. R. Civ. P. 19(b). In analyzing whether Temple Grading is indispensable under Rule 19(b), the court recognizes that a subcontractor generally is not an indispensable party in litigation between the prime contractor and the owner. See, e.g., Farrell Constr. Co., 896 F.2d at 142–43; J. W. Terteling & Sons v. Cent. Neb. Pub. Power & Irr. Dist., 8 F.R.D. 210, 214 (D. Neb. 1948). In opposition to this general rule, defendants argue that Temple Grading is an indispensable party in this case because the defendants have defenses to Key Constructors's claims concerning the prime contract and subcontract and because Key Constructors is alleging, in part, Temple Grading's pass-through claim in count two and Temple Grading could later assert a negligence claim against MBD.

As discussed, the Federal Rules of Civil Procedure and North Carolina law do not require Key Constructors to join Temple Grading in this action. Defendants' have failed to demonstrate that a judgment rendered in Temple Grading's absence might prejudice Temple Grading or the existing parties. See Fed. R. Civ. P. 19(b)(1).

As for the factors under Rule 19(b)(2) and (b)(3), if Key Constructors obtains a judgment against any alleged defendant, the judgment would reflect the nature of the claim and the damages amount. Furthermore, the record would reflect if any such damages were incurred by Temple Grading. This fact lessens any alleged prejudice to the defendants from failing to join Temple Grading in this action. See Fed. R. Civ. P. 19(b)(2). Moreover, a judgment rendered in Temple Grading's absence would be adequate. See Fed. R. Civ. P. 19(b)(3).

Finally, under Rule 19(b)(4), Key Constructors would have an adequate remedy in state court. Nonetheless, Key Constructors has a legitimate interest in its chosen forum. See, e.g., Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr., 94 F.3d 1407, 1413 (10th Cir. 1996). Thus, the mere availability of an alternate remedy does not suffice to render Temple Grading indispensable under

10

Rule 19(b). See id. ("The availability of an alternative forum is primarily of negative significance under Rule 19." (quotation omitted)).

After considering the record and Rule 19(b), Temple Grading is not an indispensable party. Accordingly, Temple Grading's nonjoinder does not warrant dismissal.

II.

In sum, Temple Grading and Construction Company, Inc. is not a real party in interest under Rule 17(a), not a required party under Rule 19(a), and not an indispensable party under Rule 19(b). Accordingly, the motions to dismiss [D.E. 20, 22] lack merit and are DENIED. The motion to strike [D.E. 20] also lacks merit and is DENIED.

SO ORDERED. This 6 day of May 2016.

JAMES C. DEVER III
Chief United States District Judge